FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA J.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 1:22-cv-03082-MKD<br><br>**ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND STIPULATED MOTION FOR REMAND AND SETTING DEADLINE FOR MOTION TO SUBSTITUTE PARTY**<br><br>**ECF Nos. 11, 14** |

Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 11, and the parties' Stipulated Motion for Remand, ECF No. 14, requesting remand of the above-captioned matter to the Commissioner for additional administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g). Attorney D. James Tree represents Plaintiff. Attorney Michael Mullen represents Defendant.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1          Plaintiff passed away on September 18, 2021, while the claim was pending
2   with the Appeals Council.  Tr. 15-17.  At the administrative level, Plaintiff's
3   counsel requested Plaintiff's mother be approved as a substitute party.  Tr. 15.  The
4   Appeals Council allowed the substitute party and rendered a decision.  Tr. 1-6.
5          Plaintiff filed this action with Cynthia J., the deceased, as the named
6   Plaintiff.  ECF No. 1.  Neither Plaintiff's Complaint nor the Stipulated Motion to
7   Remand address the substituted party.  *See* ECF Nos. 1, 14.  Plaintiff's Motion for
8   Summary Judgment asserts that Plaintiff's mother "has pursued appeal of the
9   denial of her daughter's Title II and XVI disability claims."  ECF No. 11 at 2.
10         Article III of the United States Constitution limits federal court jurisdiction
11  to "real controvers[ies] with real impact on real persons."  *TransUnion LLC v.*
12  *Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citation omitted).  "[T]he dead lack the
13  capacities that litigants must have to allow for a true Article III case or
14  controversy."  *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943,
15  953 (9th Cir. 2020).  "[A] party cannot maintain a suit on behalf of, or against, or
16  join, a dead person, or in any other way make a dead person (in that person's own
17  right, and not through a properly-represented estate or successor) party to a federal
18  lawsuit."  *Id.*
19         There is a circuit court split on whether this jurisdictional defect can be
20  cured through application of a federal civil procedural rule.  *See House v. Mitra*

*QSR KNE LLC*, 796 F. App'x 783, 788 (4th Cir. 2019); *Hernandez v. Smith*, 793 F. App'x 261, 265-66 (5th Cir. 2019); *Fund Liquidation Holdings LLC, et al., v. Bank of America Corp., et al.*, 991 F.3d 370, 386 (2nd Cir. 2021), *cert. denied*, 142 S.Ct. 757 (2022); *Esposito v. United States*, 368 F.3d 1271, 1276-78 (10th Cir. 2004). The Ninth Circuit has not addressed the issue. *See LN Mgmt., LLC*, 957 F.3d at 955.

At the time this action commenced, Plaintiff did not have standing because she was deceased. *See id.* at 953. The administrative record indicates Plaintiff's mother may be an interested party. Tr. 15-17. The death certificate states Plaintiff was single and never married at the time of her death. Tr. 17.

Although Plaintiff's death does not automatically extinguish Plaintiff's Title XVI claim, 42 U.S.C. 1383(b)(1)(A) and 20 C.F.R. 416.542(b)(4) preclude benefits to anyone except a surviving spouse or parents of a disabled or blind child. Plaintiff does not have a surviving spouse, and Plaintiff did not apply for childhood benefits. There appears to be no party with any legal interest in Plaintiff's Title XVI claim. As to Plaintiff's Title II claim, other parties may be entitled to a deceased claimant's Title II benefits under certain circumstances, such as a parent. 20 C.F.R. § 404.370.

Assuming, without deciding, substitution is allowable, no real party in interest has moved for substitution. However, because the administrative record

ORDER - 3

and Plaintiff's Motion for Summary Judgment indicate Plaintiff's mother is interested in substitution, the Court will set a deadline for the filing a motion to substitute a party. Any such motion shall fully brief the issue of whether the substitution of the deceased Plaintiff is permissible to cure the jurisdictional defect that exists in this case.

After consideration, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, and the Stipulated Motion to Remand, **ECF No. 14**, are **STRICKEN**.

2. Any motion to substitute party shall be filed no later than **January 27, 2023.  Failure to timely request substitution may result in the dismissal of the Complaint and the claims therein without prejudice.**

The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED December 28, 2022.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4